KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
DANIEL A. KOHLER (SBN 285501)
  dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone:   (310)-312-2000
Facsimile:   (310)-312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSSLAND GMBH, a corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:16-cv-01236 DOC (KESx)<br><br>Honorable David O. Carter<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**<br><br>Date: January 9, 2017<br>Time: 8:30 a.m.<br>Courtroom: 9C, Santa Ana |

Mitchell
Silberberg &
Knupp LLP

8413138.2

# OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW

Plaintiff Blizzard Entertainment, Inc. ("Blizzard") submits the following evidentiary objections to the Declaration of Zwetan Letschew submitted by Defendant Bossland GMBH ("Bossland") in support of Bossland's Motion to Dismiss Complaint for Lack of Personal Jurisdiction.

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| 1. "Currently, due to an injunction ordered by a German court, Bossland cannot sell *Watchover Tyrant*…."<br>¶4 at p. 2 lines 9-10 | (a) **Improper legal opinion and conclusion** (FRE 701) | Sustained _____<br>Overruled _____ |
| | (b) **Best Evidence Rule** (FRE 1002) | Sustained _____<br>Overruled _____ |
| | (c) **Hearsay.** (FRE 802) | Sustained _____<br>Overruled _____ |
| | (d) **Irrelevant, absence of foundational fact** (FRE 402, 104). Letschew does not say that the German Court's injunction bars Bossland from selling Watchover Tyrant in the United States. In fact, the German injunction bars sales only to consumers in Germany, as evidence | Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| | submitted by Blizzard concurrently herewith demonstrates. | |
| 2. However, Bossland ceased selling *Watchover Tyrant* prior to the injunction due to a technical performance issue.<br>¶4 at p. 2 lines 11-12 | (a) **Irrelevant** (FRE 401) | Sustained _____<br>Overruled _____ |
| 3. In German courts, Blizzard has sought injunctions to prohibit the sale and distribution of *Demonbuddy, Honorbuddy, Stormbuddy* (the injunction has been denied) and *Watchover Tyrant.*<br>¶4 at p. 2 lines 13-15 | (a) **Improper Legal Opinion and Conclusion** (FRE 701).<br><br>(b) **Best Evidence Rule** to the extent Letschew purports to testify about the content of pleadings or court orders. (FRE 1002)<br><br>(c) **Hearsay** (FRE 802)<br><br>(d) **Irrelevant, absence of foundational fact** (FRE 401, 104) Letschew fails to state | Sustained _____<br>Overruled _____<br><br><br>Sustained _____<br>Overruled _____<br><br><br><br><br>Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| | why the injunction as to Stormbuddy allegedly was denied. Letschew further fails to state that injunctions were sought, or denied, with respect to the sales of Bossland products to consumers in the United States or that the proceedings in Germany concerned the legality of such sales under United States laws.  Evidence submitted by Blizzard concurrently herewith demonstrates that the injunctions were limited to Germany. | |
| 4.   "In United Kingdom courts, Blizzard has sought injunctions to prohibit the sale and distribution of *Demonbuddy, Honorbuddy, Stormbuddy,* and *Watchover Tyrant*" | (a)   **Improper Legal Opinion and Conclusion** (FRE 701).<br><br>(b)   **Best Evidence Rule** to the extent Letschew purports to testify about the content of pleadings (FRE 1002) | Sustained _____<br>Overruled _____<br><br><br>Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| ¶4 at p. 2 lines 15-15 | (c) **Hearsay** (FRE 802) <br><br> (d) **Irrelevant, absence of foundational fact** (FRE 401, 104) Letschew fails to state that any proceedings in the United Kingdom pertain to the sales of Bossland products to consumers in the United States or that the legality of sales under United States law is at issue in those proceedings. | Sustained _____ <br> Overruled _____ <br><br> Sustained _____ <br> Overruled _____ |
| 5.  "Bossland…does not exercise control over any business entity." <br> ¶6 at p. 3 line 6 | (a) **Improper Legal Opinion and Conclusion** (FRE 701) | Sustained _____ <br> Overruled _____ |
| 6.  "It [Bossland] neither conducts nor solicits business in the United States" <br> ¶7 at p. 3 lines 7-8 | (a) **Improper Legal Opinion and Conclusion** (FRE 701) | Sustained _____ <br> Overruled _____ |
| 7.  "Contrary to the allegations of the Complaint, Bossland does | (a) **Improper Legal Opinion and Conclusion**. | Sustained _____ <br> Overruled _____ |

4

**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| not 'conduct extensive and ongoing business with users in the United States and the State of California,' or attempt to do so."<br>¶12 at p. 3 lines 25-27 | (FRE 701)<br><br>(b)   **Argumentative** (FRE 611) | Sustained _____<br>Overruled _____ |
| 8.   "The websites…do not target any geographical area"<br>¶16 at p. 4 lines 16-17 | (a)   **Improper opinion and conclusion** (FRE 701, 702)<br><br>(b)   **Best Evidence Rule** to the extent Letschew purports to testify about the content of websites (FRE 1002)<br><br>(c)   **Hearsay** (FRE 802) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____<br><br><br><br>Sustained _____<br>Overruled _____ |
| 9.   "Bossland does not solicit the comments or questions"<br>¶19 at p. 5 line 7 | (a)   **Improper opinion and conclusion** (FRE 701, 702) | Sustained _____<br>Overruled _____ |
| 10.   "…which may or may not be accurate"<br>¶19 at p. 5 lines 9-10 | (a)   **Lacks Foundation and Speculative** (FRE 602) | Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| 11. "According to information I received this month from Bossland's third-party payment processor, purchasers associated with at least 101 countries have purchased Bossland's products since October 14th." <br> ¶20 at p. 5 lines 12-14 | (a)  **Hearsay** (FRE 802) <br><br> (b)  **Lacks Foundation** (FRE 602, 901) | Sustained _____ <br> Overruled _____ <br> Sustained _____ <br> Overruled _____ |
| 12. "I would expect purchase information for the period before July 2016 to indicate purchasers associated with more than 101 countries" <br> ¶19 at p. 5 lines 14-16 | (a)  **Lacks Foundation and Speculative** (FRE 602) <br><br> (b)  **Improper opinion** (FRE 701, 702) | Sustained _____ <br> Overruled _____ <br><br> Sustained _____ <br> Overruled _____ |
| 13. "When a customer makes a purchase from Bossland, the customer provides an e-mail address and other information to a third-party payment processor." | (a)  **Lacks foundation** (FRE 602) <br><br> (b)  **Hearsay** (FRE 802) | Sustained _____ <br> Overruled _____ <br><br> Sustained _____ <br> Overruled _____ |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| ¶22, p. 5 lines 22-23 | | |
| 14. "No other information, *such as country of origin*, residential address, or billing information is acquired." ¶22, p. 5 lines 26-27 (emphasis added) | (a) **Hearsay with no circumstantial guarantee of trustworthiness** (FRE 802, 809)  The italicized portion of the statement is contradicted by Letschew's statements under oath in ¶ 20 ("According to information I received this month from Bossland's payment processors, purchasers associated with at least 101 countries have purchased Bossland's products since October 14.); ¶ 41 ("For example, the purchase information [from payment processor Gate2Shop] provides the following information," showing a column for "country"); ¶¶ 43-79 (purporting to summarize monthly information from payment processor Gate2Shop about number of "purchases | Sustained _____ Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| associated with the United States") | | |
| 15. "Gate2Shop ceased providing services to Bossland after receiving a letter from Blizzard's attorney, Marc Mayer, requesting that Gate2Shop terminate its relationship with Bossland and warning that Blizzard would take legal action against Gate2Shop." ¶23 at p. 6 lines 1-6. | (a)  **Hearsay** (FRE 802)<br><br>(b)  **Best Evidence** (FRE 1002) | Sustained \_\_\_\_\_<br>Overruled \_\_\_\_\_<br>Sustained \_\_\_\_\_<br>Overruled \_\_\_\_\_ |
| 16. "Nor does it attempt to acquire any commercially valuable information that it could use, for example, to develop or target a market or specific geographic area. ¶ 28 at p. 6 lines 20-22 | (a)  **Improper Opinion and Argumentative** as to "commercially valuable information that it could use" for the described purposes (FRE 611, 701, 702) | Sustained \_\_\_\_\_<br>Overruled \_\_\_\_\_ |
| 17. "Pursuant to | (a)  **Improper Legal** | Sustained \_\_\_\_\_ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| European Union law, Bossland only acquires the information necessary to address the purchaser's technical issue." ¶ 28 at p. 6 lines 22-23 | **Opinion and Conclusion** (FRE 701, 702)<br><br>(b)  **Irrelevant, absence of foundational fact** (FRE 401, 104) | Overruled _____ |
| 18. "Due to the automated third-party processing of payments, Bossland has never knowingly sold a product or received moniew [sic] from a person residing in California or the United States" ¶30 at p. 6 lines 26-28 | (a)  **Argumentative, Improper Opinion** (FRE 611, 701, 702)<br><br>(b)  **Improper Legal Opinion and Conclusion** (FRE 701, 702) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 19. "Except for its legal counsel representing it in this civil action, Bossland has never knowingly contracted with persons or entities residing in California with the | (a)  **Argumentative** (FRE 611)<br><br>(b)  **Improper Legal Opinion and Conclusion** (FRE 701, 702) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| intention of such contracts being performed in California" ¶31 at p. 7 lines 1-3 | (c) **Ambiguous and Lacks Foundation** re whether Letschew is asserting Bossland did enter into contracts with California residents but did not intend such contracts to be performed in California, or whether he is asserting he did not enter into contracts with California residents | Sustained _____ Overruled _____ |
| 20.  "Bossland has established independent contractor relationships with persons it routinely uses for product development and customer support." ¶ 33 at p. 7 lines 7-8 | (a) **Improper Legal Opinion and Conclusion and Absence of Foundational Facts** re "has established independent contractor relationships" (FRE 701, 702, 104) | Sustained _____ Overruled _____ |
| 21.  "To my knowledge, none of the independent contractors providing services to Bossland solely work on tasks for Bossland, and none of | (a) **Lacks Foundation** as to how Letschew knows what other work the unidentified "independent contractors" supposedly perform (FRE | Sustained _____ Overruled _____ |

10
**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| them are authorized…to perform any act on Bossland's behalf" ¶ 35 at p. 7 lines 14-16 | 602)<br><br>(b) **Unintelligible and Improper Legal Opinion and Conclusion** as to "none of them are authorized…to perform any act on Bossland's behalf." Letschew has stated under oath that Bossland uses these independent contractors "for product development and customer support," functions that necessarily are done "on Bossland's behalf" | Sustained _____<br>Overruled _____ |
| 22. "None of Bossland's employees have ever been physically present in California or the United States for any purpose related to the allegations in this case." ¶ 36 at p. 7 lines 18-19 | (a) **Improper Legal Opinion** (FRE 701, 702) | Sustained _____<br>Overruled _____ |
| 23. "Bossland has never directed any of its conduct at California or | (a) **Improper Legal Opinion and Conclusion** | Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| the United States" <br> ¶ 39 at p. 7 lines 24-25 | (FRE 701, 702) | |
| 24.  "prior to assisting its lawyers with the preparation of the motion to dismiss, Bossland was not aware of how many people associated with the United States are currently purchasing its products" <br> ¶ 39 at p. 7 lines 25-27 | (a)   **Irrelevant** (FRE 401) | Sustained _____ <br> Overruled _____ |
| 25.  "While assisting my lawyers with the preparation of the motion to dismiss, I reviewed purchase information from Gate2Shop and for the first time learned of the percentage and number of purchases associated with the United States.  Previously I had only reviewed purchase information that I needed to calculate | (a)   **Irrelevant** (FRE 401) | Sustained _____ <br> Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| taxes pursuant to European Union laws, and therefore did not review purchases associated with the United States." ¶40 at p. 7 line 28- p. 8 line 5 | | |
| 26. "It is important to note that it is impossible to determine the residential status of a purchase using the information Bossland acquired from Gate2Shop." ¶41 at p. 6 lines 6-7 | (a) **Argumentative** (FRE 611) <br><br> (b) **Unintelligible** as to "the residential status of a purchase" | Sustained _____ <br> Overruled _____ <br><br> Sustained _____ <br> Overruled _____ |
| 27. "I assume Gate2Shop based its country classification of a purchaser on IP address information." ¶ 42 at page 8 lines 13-14 | (a) **Speculation/Lacks Foundation** (FRE 602, 901) | Sustained _____ <br> Overruled _____ |
| 28. "However, even IP address information would not enable the | (a) **Improper Opinion** (FRE 701, 702) | Sustained _____ <br> Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| determination of a purchaser's residential status.  For example, a person may purchase a product using an IP address associated with a certain country, but the person may not be a resident of that country." ¶ 42 at p. 8 lines 14-17 | (b)   **Irrelevant/Speculation** as to the sentence beginning with "For example" (FRE 401, 602, 901) | Sustained _____ Overruled _____ |
| 29.  "It is possible that actual purchases associated with California are less than my estimates." ¶ 43 at p. 8 lines 22-23 | (a)   **Irrelevant/Speculation** as to what is theoretically "possible."  It is also "possible" that actual purchases associated with California are greater than Letschew's estimates" (FRE 401, 602, 901) | Sustained _____ Overruled _____ |
| 30.  "To reiterate, Bossland has never intentionally directed its products – including its Blizzard-related products – at California or even the United States." | (a)   **Argumentative** (FRE 611) (b)   **Improper Legal Opinion and Conclusion** (FRE 701) | Sustained _____ Overruled _____ Sustained _____ Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| ¶80 at p. 17 lines 27-28 | | |
| 31. "To the contrary, Bossland's programs were offered indiscriminately"<br>¶80 at p. 17 line 28- p. 18 line 2 | (a) **Argumentative** (FRE 611)<br><br>(b) **Improper opinion and conclusion** (FRE 701) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 32. "It would be fruitless for Bossland to attempt to acquire further transactional information from Gate2Shop, which has already denied reasonable requests for information."<br>¶81 at p. 18 lines 6-8 | (a) **Argumentative** (FRE 611)<br><br>(b) **Improper opinion and conclusion** (FRE 701)<br><br>(c) **Lacks Foundation** as to what attempts were made and when and by whom, and as to what information was requested (FRE 602, 901) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 33. "Therefore, the purchase information above represents the most accurate information Bossland … could acquire concerning transactions associated | (a) **Argumentative** (FRE 611)<br><br>(b) **Improper opinion and conclusion** (FRE 701)<br><br>(c) **Lacks Foundation** as | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____<br><br>Sustained _____ |

15

**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**

Mitchell Silberberg & Knupp LLP
8413138.2

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
| with the United States and possible transactions initiated by persons within California at the times relevant to Blizzard's Complaint." ¶81 at p. 18 lines 8-12 | to what other information was available to Bossland (FRE 602, 901) | Overruled _____ |
| 34. "Bossland has no connection to California or the United States." ¶82 at p. 18 line 14 | (a) **Argumentative** (FRE 611)<br><br>(b) **Improper opinion and conclusion** (FRE 701) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 35. "if it became necessary for me to travel to California to represent Bossland and defend against this civil action, that would impose an enormous burden on both my company and me." ¶84 at p. 18 lines 18-20 | (a) **Argumentative** (FRE 611)<br><br>(b) **Improper opinion and conclusion** (FRE 701) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 36. "I am solely responsible for Bossland's accounting." ¶84 at p. 18 lines 21-22 | (a) **Lacks Foundation** as to meaning of "Bossland's accounting," including what is required to perform the | Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
|  | "accounting," how long and how often the "accounting" is performed, why any "accounting" could not be performed remotely (including by review of electronic documents) during the few days that a trial might last, and whether Letschew is contending he would need to be physically present in California other than for trial (FRE 402, 104) |  |
| 37.  "These lawsuits often involve filings 100-200 pages in length, and I have reviewed at least 50 folders of documents three or more inches thick pertaining to these lawsuits."<br>¶84 at p. 18 lines 26-28 | (a)   **Irrelevant** (FRE 401)<br><br>(b)   **Absence of foundational facts** as to what "often" means and any basis to assume additional filings of such length are anticipated, and why prior review of folders of documents in other cases has anything to do with this litigation (FRE 104) | Sustained _____<br>Overruled _____<br>Sustained _____<br>Overruled _____ |

| "EVIDENCE" | OBJECTIONS | RULING |
|---|---|---|
|  | (c) **Best Evidence Rule** to the extent Letschew purports to testify about the content of filings. (FRE 1002) |  |
| 38. "Were I to have to appear in California to represent and assist in the defense of Bossland, I would have to stop all of Bossland's operations and it would cease to exist as a functioning company" ¶84 at p. 19 lines 3-5 | (a) **Lacks Foundation** (FRE 104)<br><br>(b) **Argumentative** (FRE 611) | Sustained _____<br>Overruled _____<br><br>Sustained _____<br>Overruled _____ |
| 39. "Therefore, it would be unreasonable and extremely burdensome to require Bossland to litigate this case in California, approximately 6,000 miles from its principal place of business…" ¶85 at p. 19 lines 6-8 | (a) **Improper Legal Opinion and Conclusion** as to "unreasonable and extremely burdensome to require Bossland to litigate this case in California" (FRE 701, 702)<br><br>(b) **Argumentative** (FRE 611) | Sustained _____<br>Overruled _____<br><br><br><br><br><br><br>Sustained _____<br>Overruled _____ |

Mitchell Silberberg & Knupp LLP

8413138.2

18

**EVIDENTIARY OBJECTIONS TO DECLARATION OF ZWETAN LETSCHEW**

| | |
|---|---|
| DATED: December 12, 2016 | KARIN G. PAGNANELLI<br>MARC E. MAYER<br>EMILY F. EVITT<br>DANIEL A. KOHLER<br>MITCHELL SILBERBERG & KNUPP LLP |
| | By: /s/ Marc E. Mayer<br>Marc E. Mayer<br>Attorneys for Plaintiff<br>Blizzard Entertainment, Inc. |