ANTHONY G. MATRICCIANI (SBN 214730)
  matricciani@icloud.com
THE LAW OFFICE OF ANTHONY G. MATRICCIANI
6400 Hollis Street, Suite 4
Emeryville, California 94608
Telephone: (510) 619-6662

STEVEN D. SMELSER (SBN 180602)
  ssmelser@yukelaw.com
STEVEN S. VAHIDI (SBN 283951)
  svahidi@yukelaw.com
NICHOLAS J. HOFFMAN (SBN 284472)
  nhoffman@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788

Attorneys for Bossland GmbH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BOSSLAND GMBH, a foreign corporation, and Does 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 8:16-cv-01236-DOC-KES<br><br>**DEFENDANT BOSSLAND GMBH'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>*[Declaration of Nicholas J. Hoffman and (Proposed) Order filed concurrently herewith]* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# EX PARTE APPLICATION

**TO THE COURT, ALL PARTIES, AND THE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to F.R.Civ.P 6(b) and L.R. 7-19, Defendant Bossland GmbH ("Bossland"), through its attorneys, hereby applies to the Court *ex parte* for an order extending Bossland's time to respond to the Complaint filed by Plaintiff Blizzard Entertainment, Inc.("Blizzard"), until March 20, 2017, or until the Court deems proper.

Bossland applies by *ex parte* means because the requested relief would not be possible through a regularly noticed motion schedule. The grounds for moving *ex parte* are that Rule 6(b) authorizes the filing of an *ex parte* application to extend time for performing any act required under the rules when the application is filed prior to the expiration of the time for performing the act. *Ex parte* relief is particularly warranted here because the Court's January 25, 2017 Order (finding that Bossland is subject to specific jurisdiction in this Court) involves a controlling question of law as to which there is a substantial ground for difference of opinion and immediate appeal from the Opinion may materially advance the ultimate termination of this litigation. As such, this extension should be granted to accommodate the briefing and just determination of Bossland's concurrently filed Motion to Certify the Court's January 25, 2017 Order and For Stay of Proceedings. This *ex parte* application is based on the accompanying memorandum of points and authorities and the facts set forth in the Declaration of Nicholas J. Hoffman ("Hoffman Decl."), which is filed concurrently herewith.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

/ / /

Bossland contacted counsel for Blizzard, Marc Mayer, in advance of filing this Application and Mr. Mayer informed Bossland's counsel that Blizzard would be opposing this request for an extension. *See* Hoffman Decl. at ¶3. Contact information for Blizzard's counsel is as follows: Marc E. Mayer, Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064, (310) 312-2000.

DATED: February 7, 2017     THE LAW OFFICE OF ANTHONY G. MATRICCIANI


By: ____/s/ Anthony G. Matricciani____
Attorneys for Defendant BOSSLAND GmbH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As set out in greater detail in Bossland's concurrently filed Motion to Certify the Court's January 25, 2017 Order and For Stay of Proceedings (the "Motion"), this Court's January 25, 2017 Order, which found that the Court may exercise personal jurisdiction over Bossland, involves controlling questions of law as to which there is a substantial ground for difference of opinion and immediate appeal from the Order may materially advance the ultimate termination of this litigation. An appellate court ruling that this Court does not have personal jurisdiction over Bossland would result in the immediate dismissal of this case. This would substantially reduce the amount of time and effort required of the Court, the parties, and the parties' counsel to litigate the case to final judgment. Accordingly, Bossland respectfully request the Court to extend time to respond to the Complaint in order to accommodate the briefing and determination of Bossland's Motion—and thereby ensure the just, speedy, and inexpensive determination of this action.

## II. ARGUMENT

Under *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp 488, 492 (C.D. Ca. 1995), an *ex parte* application "should address only why the regular noticed motion procedures should be bypassed." Accordingly, this *ex parte* application addresses only why Bossland should be granted an extension of time to respond to the Complaint (*i.e.*, to accommodate the just adjudication of the underlying Motion), not the merits of the Motion.

### A. This *Ex Parte* Application Is Timely Under Rule 6(b) and Complies with the Local Rules.

Federal Rule of Civil Procedure 6(b)(1)(A) provides:

> "When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires...."

This ex parte application is made prior to the expiration of the filing deadline for Bossland's responsive pleading. *See* F.R.Civ.P 12(a)(4)(A) ("if the court denies the motion…the responsive pleading must be served within 14 days after notice of the court's action"). Moreover, this *ex parte* application also complies with L.R. 7-19 as Bossland attempted to reach a stipulation with Blizzard's counsel to extend time to respond to the Complaint, but could not come to an agreement. *See* Hoffman Decl., at ¶3.

### B. Bossland Shows Good Cause for this Ex Parte Application to be Granted.

F.R.Civ.P. 6(b)(1)(A), like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (*quoting Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" as required by Rule 6(b)(1) is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) (*citing Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987)). The circumstances present in this case clearly demonstrate the "good cause" required by Rule 6(b)(1).

Moreover, granting Bossland's request would not cause significant delay or other prejudice to anyone. Requests for extensions of time made before the

applicable deadline has passed should "normally…be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

### C. Bossland Will Face Irreparable Prejudice If Ex Parte Relief Is Not Granted.

Finally, Bossland will face irreparable prejudice if forced to answer the Complaint before its Motion for Certification is justly briefed and adjudicated. After all, should this Court determine that its Order (finding personal jurisdiction over Bossland) should be certified under 28 U.S.C. § 1292(b), an appellate court ruling that this Court does not have personal jurisdiction over Bossland would result in the immediate dismissal of this case. At that point, the amount of time and effort required of the Court and the parties to litigate the case to final judgment would be considerably reduced. *See APCC Servs. v. ESH AT&T Corp.,* 297 F. Supp. 2d 101, 104 (D.D.C. 2003) (noting that immediate appeal to the Circuit Court of the issues will prevent potentially unnecessary and protracted litigation while definitively resolving the disputed jurisdictional issues).

Considering that Bossland has requested an extension before the period prescribed for its action has expired, has established good cause for its request, and has demonstrated that granting the request would not significantly delay the action, this Court should grant the requested enlargement of time and thereby serve to "secure the just…determination" of this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

For all the foregoing reasons, this Court is respectfully requested to extend the deadline for Bossland's respond to the Complaint.

DATED: February 7, 2017            THE LAW OFFICE OF ANTHONY G. MATRICCIANI

By:  /s/ Anthony G. Matricciani
Attorneys for Defendant BOSSLAND GmbH