KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
DANIEL A. KOHLER (SBN 285501)
  dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310)-312-2000
Facsimile: (310)-312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BOSSLAND GMBH, a foreign corporation, and Does 1 through 10, inclusive,<br><br>  Defendants. | CASE NO. 8:16-cv-1236-DOC-KES<br><br>**RESPONSE OF BLIZZARD ENTERTAINMENT, INC. TO *EX PARTE* APPLICATION OF BOSSLAND GMBH FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Mitchell Silberberg & Knupp LLP

8600223.2

**Introduction**

The *ex parte* Application of Bossland GMBH ("Bossland") to further postpone its long-overdue Answer to the July 1, 2016 Complaint by Blizzard Entertainment, Inc. ("Blizzard") is a transparent delay tactic. Bossland's request is not necessitated by any purported "irreparable prejudice," and, indeed, it cannot even articulate any such prejudice. Rather, the only basis for the request is so that Bossland can continue to avoid participating in this lawsuit, which was filed nearly six months ago.

Bossland already has delayed its participation by several months, first by forcing Blizzard to commence service under the Hague Convention (even though it knew about the lawsuit, blogged about it, and thus could have accepted service), then by requesting an additional thirty days to respond to the complaint (Dkt. 14, 15), and finally by filing a Motion to Dismiss that was premised on factual inaccuracies and ultimately was without merit. Now, Bossland seeks to delay this proceeding by yet another month (or more) by filing an equally meritless Motion to certify for interlocutory appeal this Court's well-reasoned January 25, 2017, Order. It also appears that Bossland may use its Motion to Certify to avoid conducting the mandatory Rule 26(f) conference and thus force the case to grind to a halt. But even putting to the side that that there is no basis to certify the January 25 Order for interlocutory appeal, Bossland never explains why it cannot participate in this lawsuit while its Motion is pending – far less why it cannot timely file a simple Answer.

In addition to the foregoing, Bossland's *ex parte* Application should be denied because the only purported "emergency" is of its own making. That is, Bossland waited until the ***evening before its Answer was due*** to file this Application and seek additional time. There was no reason why it could not have sought this relief in a timely manner. Thus, by the time the Court considers Bossland's Application, Bossland may already be in default. Bossland's

Application should be denied and it should be ordered to file an Answer within 24 hours.

**<u>Argument</u>**

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). In fact, this Court has noted that *ex parte* applications "are nearly always improper." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192-93 (C.D. Cal. 1989). Thus, *ex parte* relief is appropriate only where: (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) the moving party is without fault in creating the situation necessitating ex parte relief. *Mission Power*, 883 F. Supp. at 492. Bossland can satisfy neither standard.

    **1.**    **No "Irreparable Prejudice" To Bossland.**   Bossland does not even attempt to explain what "irreparable prejudice" it will suffer if it is required to timely Answer the Complaint. *See* Application at 3. There is none. Bossland has had more than six months to review the Complaint and to research and evaluate any defenses it might have. Moreover, Bossland already has filed (and lost) its Motion to Dismiss, and, if it wishes, it may preserve its jurisdictional defense in its Answer. Thus, the only purported "prejudice" is the few hours (or less) that its attorneys will need to spend to prepare an Answer. That is not "irreparable prejudice," especially since Bossland could have used the time its counsel spent preparing its *ex parte* application to prepare that Answer.

Bossland's only claim of "prejudice" is that it should not have to litigate this case "to final judgment" while the January 25 Order is under review by the Ninth Circuit. The argument is premature. This Court has not certified the January 25 Order for appeal by the Ninth Circuit. Nor should it. It is a well-established rule that unless there are truly exceptional circumstances, appellate review of a district court ruling should not occur until after entry of a final judgment. *In re Cement*

1  *Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Thus, a district court may
2  certify an order for interlocutory appellate review under Section 1292(b) only
3  where: "(1) there is a controlling question of law, (2) there are substantial grounds
4  for difference of opinion, and (3) an immediate appeal may materially advance the
5  ultimate termination of the litigation."  *Id.* at 1025-26.  Section 1292(b) is to be
6  "applied sparingly and only in exceptional cases."  *United States v. Woodbury*, 263
7  F.2d 784, 788 n.11 (9th Cir. 1959).
8       Blizzard intends to respond in detail to Bossland's Motion to Certify, which
9  is set for hearing on March 13, 2017.  However, it is clear at first blush that this is
10 not an "exceptional case," and none of the three Section 1292(b) factors are met.
11 This Court's January 25 Order was well-reasoned and non-controversial, and the
12 conclusion was based on a substantial factual record and full briefing.  The January
13 25 Order does not conflict with the decisions of the Ninth Circuit.  In fact, the
14 Court expressly noted that it "agrees with Defendants that *Walden* [*v. Fiore*, 134
15 S.Ct. 1115 (2014)] limited the scope of prior Ninth Circuit cases…." Order at 7.
16 Instead, the Court merely found that in ***these particular circumstances*** – namely,
17 where the defendant, among other things, (1) conducted extensive business in the
18 United States (10%-15% of its revenue), (2) marketed and distributed its product in
19 the United States (including by displaying a U.S. flag), and (3) built an entire
20 business designed to take advantage of Blizzard's games (i.e., "Bossland's
21 software works exclusively in conjunction with Blizzard's American-designed and
22 American-based game," Order at 8), Blizzard had met its ***prima facie*** showing of
23 jurisdictional facts to withstand the Motion to Dismiss.  That is not the type of
24 order that justifies immediate interlocutory appeal.  Indeed, in *Dillon v. Murphy &*
25 *Hourihane*, 2014 U.S. Dist. LEXIS 150270, * 3-6 (N.D. Cal. Oct. 22, 2014), cited
26 by **Bossland**, the court denied the defendant's request to certify for interlocutory
27 appeal a jurisdictional order just like the January 25 Order that also was based on
28 *Walden*.

Perhaps more critically, an immediate appeal from the January 25 Order will not "materially advance the ultimate termination of the litigation." To the contrary, it "would prolong the litigation rather than advance its resolution." *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D.Cal. 1988). *See also FDIC v. Countrywide Sec. Corp.*, 966 F. Supp. 2d 1031, 1045-46 (C.D. Cal. 2013) (An interlocutory appeal must be likely to materially speed the termination of the litigation, and thereby "save the courts and the litigants unnecessary trouble and expense."); *Mateo v. The M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992) ("If an interlocutory appeal would actually delay the conclusion of the litigation, the Court should not certify the appeal."). There can be no bigger delay than a full-scale Ninth Circuit appellate proceeding on the narrow jurisdictional issue. That appeal would take more than a year, and it would address only the single threshold procedural issue. None of the other issues in the case would be addressed or resolved. Meanwhile, Bossland will be free to continue to exploit its malicious and harmful software products in the United States, and Blizzard would be deprived of any remedy. This alone is sufficient to deny the Motion to Certify.

In any event, the *ex parte* Application only concerns Bossland's time to answer, not litigation "to final judgment." ***If*** this Court grants Bossland's Motion to Certify, and ***if*** the Ninth Circuit then elects to hear an immediate interlocutory appeal on the jurisdictional issue, it then can be decided whether a stay is appropriate and, if so, the scope of the stay. However, there is no reason for Bossland to avoid even filing an Answer at this stage.

**2.     Bossland Is At Fault For Creating the Purported "Emergency."**

The *ex parte* Application also should be denied because "*ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have ...." *In re Intermagnetics*, 101 B.R. at 193. Bossland has known that it would be required to file an Answer since at least January 25. It had 14 days

to do so.  However, it elected to wait until the late afternoon of day 13 to file its *ex parte* application.  Bossland has no excuse for this delay.[1]

## **Conclusion**

For the foregoing reasons, Bossland's *ex parte* Application should be denied and Bossland should be ordered to immediately file an Answer to the Complaint.

DATED: February 8, 2017
KARIN G. PAGNANELLI
MARC E. MAYER
EMILY F. EVITT
DANIEL A. KOHLER
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer
Attorneys for Plaintiff
Blizzard Entertainment, Inc.

---

[1] On February 1, 2017, counsel for the parties spoke by telephone.  During that conference, Bossland's counsel advised Blizzard's counsel that it intended to file a motion for certification for interlocutory appeal.  It also requested additional time to file an Answer in light of the pending Motion.  Blizzard's counsel advised Bossland's counsel that if Bossland was requesting additional time to Answer due to other pressing obligations, it would consider that request.  However, if the request was simply to avoid filing an Answer until the Motion to Certify was decided (i.e. for tactical purposes), it would not agree.  Bossland's counsel confirmed that the latter was the case.