**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1236-DOC (KESx)                    Date:  February 10, 2017

Title: BLIZZARD ENTERTAINMENT INC. V. BOSSLAND GMBH

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT [25]**

Before the Court is Defendant Bossland GmbH's ("Bossland" or "Defendant") Ex Parte Application for an Extension of Time to Respond to Plaintiff's Complaint ("Application") (Dkt. 25). Plaintiff Blizzard Entertainment Inc. ("Blizzard" or "Plaintiff") has opposed the Application (Dkt. 26).

In the Application, Bossland seeks an extension of its time to file an answer to Blizzard's complaint until March 20, 2017. Application at 2. Defendant seeks this extension so that it will not be required to file an answer until after the Court has decided Bossland's Motion to Certify for Immediate Appeal ("Motion to Certify") (Dkt. 24), through which Bossland seeks leave to appeal the Court's ruling that the Court has personal jurisdiction over Bossland.

Ex parte applications are proper *only* when there is evidence demonstrating that the movant's "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-1236-DOC (KESx) | Date: February 10, 2017 |
| | Page 2 |

moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

      Bossland suggests it will suffer irreparable prejudice if it is forced to respond to Plaintiff's complaint, stating that if Bossland wins both its Motion to Certify and the ensuing appeal, "the amount of time and effort required of the Court and the parties to litigate the case to final judgment would be considerably reduced." Application at 3 (citing *APCC Servs. v. ESH AT&T Corp.*, 297 F. Supp. 2d 101, 104 (D.D.C. 2003)). While true, this does not demonstrate that Bossland faces irreparable prejudice if it is forced to answer the complaint. The Court anticipates Bossland's Motion to Certify will be heard before any further motions practice is undertaken. The moderate effort and cost involved in filing an answer does not demonstrate irreparable prejudice or a "crisis."

      Accordingly, the Court DENIES the Application.

      Pursuant to Federal Rule of Civil Procedure 12(a)(4), the Defendant's answer was due on February 8, 2017. Thus, its answer is already late. Bossland shall file an answer **within twenty-four hours** of the issuance of this order.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| | Initials of Deputy Clerk: |
| MINUTES FORM 11 | djg |
| CIVIL-GEN | |