KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
DANIEL A. KOHLER (SBN 285501)
  dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSSLAND GMBH, a corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:16-cv-01236 DOC (KESx)<br><br>Honorable David O. Carter<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST BOSSLAND GMBH**<br><br>DATE:  April 10, 2017<br>TIME:  8:30 a.m.<br>CTRM.:  9C, Santa Ana |

Mitchell
Silberberg &
Knupp LLP

8678617.2

# DECLARATION OF MARC E. MAYER

I, Marc E. Mayer, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and before this Court. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Plaintiff Blizzard Entertainment, Inc. ("Plaintiff"). I make this Declaration in support of Plaintiff's Motion for Default Judgment Against Defendant Bossland GMBH ("Defendant" or "Bossland"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

## Bossland's Deliberate Default

2. Blizzard filed its Complaint in this action on July 1, 2016. Shortly after filing the Complaint, Blizzard commenced the procedure for service of process on Bossland in Germany via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention.")

3. On or about October 12, 2017, I received a telephone call from Bossland's counsel, Steven Smelser of the law firm Yukevich Cavanaugh. During that call, Mr. Smelser advised me that his firm would be representing Bossland and that Bossland had been served with the Complaint. Mr. Smelser requested that Blizzard provide Bossland with a 30-day extension of time to respond to the Complaint, and I agreed to do so.

Mitchell
Silberberg &
Knupp LLP

8678617.2

1

4.  Attached hereto as **Exhibit 1** is a true and correct copy of the proof of service on file with the Court, reflecting that Defendant was served in compliance with the Hague Convention on October 6, 2016.

5.  On November 18, 2016, Bossland (represented by counsel) filed a Motion to Dismiss Blizzard's Complaint, arguing that this Court lacked personal jurisdiction over Bossland. Blizzard opposed the Motion, and Bossland filed a reply. On January 25, 2017, the Court denied Bossland's motion to dismiss.

6.  On or about February 1, 2017, I spoke by phone to Bossland's counsel, Nicholas Hoffman of the Yukevich Cavanaugh firm. Mr. Hoffman advised me that Bossland intended to file a motion to certify the question of personal jurisdiction to the Ninth Circuit and asked if Blizzard would consent to an extension of time for Bossland to respond to the Complaint until after a hearing on the motion to certify. On February 7, 2017, Bossland filed its motion to certify and at the same time filed an *ex parte* application for additional time to file an Answer to Blizzard's Complaint. On February 10, 2017, the Court denied Bossland's request for a further extension, and ordered Bossland to file its Answer within twenty-four hours.

7.  Blizzard never received Bossland's Answer to the Complaint. Instead, on February 13, 2017, I received a request from Bossland's counsel to conduct a phone conference the following day. On February 14, 2017, I spoke over the phone with Bossland's counsel, Anthony Matricciani. Mr. Matricianni advised me that Bossland had decided that it would not be defending the case. Thus, Bossland would not be filing an Answer and would voluntarily withdraw its motion to certify. Bossland did, in fact, withdraw its motion to certify on February 15, 2017.

Mitchell Silberberg & Knupp LLP

8678617.2

2

8. Bossland has never filed an Answer to the Complaint.

9. On February 15, 2017, I filed a Request for Default. On February 16, 2017, the clerk entered Bossland's default.

10. I am informed and believe that Defendant is not an infant, an incompetent person, a member of the U.S. military, or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

11. On March 7, 2017, I sent a letter to counsel of record for Bossland in this Action informing them that Blizzard would be moving for default judgment and asking whether (1) they intended to oppose that motion, and (2) whether Bossland would comply with any Court order and/or injunction that might issue as a result of that motion. A true and correct copy of this letter is attached hereto as **Exhibit 2**.

12. On March 13, 2027, counsel for Bossland responded and informed me that Bossland would not oppose this motion. A true and correct copy of this letter is attached hereto as **Exhibit 3**.

### Other Exhibits

13. Attached hereto as **Exhibit 4** is a true and correct copy of a Bossland's Blog, which is located at the following URL: http://blog.bossland-gmbh.com.

14. Attached hereto **as Exhibits 5 and 6** are true and correct copies of the final judgments in the cases of *Blizzard Entertainment, Inc. v. Ceiling Fan Software LLC*, Case No. 8:12-cv-00144-JVS-JPR, *and Riot Games Inc. v. Argote*

*et al.*, Case No. 2:16-cv-05871-RSWL-AJW. I was counsel of record for Blizzard and Riot in these two cases, respectively.

15. Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of Zwetan Letschew, principal of Bossland, which Bossland filed in support of its Motion to Dismiss in this Action (*see* ECF No. 16-1).

16. Attached hereto as **Exhibit 8** is true and correct copy of a spreadsheet (as well as backup documentation) reflecting all costs actually billed to Blizzard in this action. I prepared this spreadsheet in conjunction with our accounting department, which, in the ordinary course of its business, maintains detailed records of each and every expense or cost billed to our clients

17. I am informed and believe that Bossland continues to sell at least Honorbuddy, Demonbuddy, and Hearthbuddy to this day, and that it has taken no steps to disable its Hacks in response to this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of March, 2017, at Los Angeles, California.

Marc E. Mayer