JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSSLAND GMBH, a corporation; and Does 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 8:16-cv-01236-DOC-KES <br><br> Honorable David O. Carter <br><br> **JUDGMENT** |

The Court has read and considered the Motion For Default Judgment Against Bossland GmbH ("Bossland") (the "Motion") by Plaintiff Blizzard Entertainment Inc. ("Blizzard").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Bossland, and all persons acting under its direction or control (including but not limited to its agents, subsidiaries, representatives and employees), are immediately and permanently enjoined from any and all of the following activities:

(a) taking any steps on Bossland's own behalf or assisting others in distributing, advertising, marketing, selling, reselling, uploading, downloading, offering for sale, or otherwise disseminating in the United States any software whose use infringes any of Blizzard's U.S. copyrights, patents, or trademarks (Blizzard's "Intellectual Property"), circumvents technological measures that control access to Blizzard's games in the United States, or violates Blizzard's End User License Agreement ("EULA") with its U.S. customers, including but not limited to the software products known as "Honorbuddy," "Demonbuddy," "Stormbuddy," "Hearthbuddy," and "Watchover Tyrant," and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Blizzard;

(b) obtaining, possessing, accessing or using in the United States any software whose use infringes any of Blizzard's Intellectual Property, circumvents technological measures that control access to Blizzard's games, or violates the EULA, including but not limited to the software products known as "Honorbuddy," "Demonbuddy," "Stormbuddy," "Hearthbuddy," and "Watchover

1  Tyrant," and any other software product designed to exploit or enable the
2  exploitation of any game owned, published, or operated by Blizzard;

4      (c)   assisting in any way with the creation or development in the United
5  States of any software whose use infringes any of Blizzard's Intellectual Property,
6  circumvents technological measures that control access to Blizzard's games, or
7  violates the EULA, including but not limited to the software products known as
8  "Honorbuddy," "Demonbuddy," "Stormbuddy," "Hearthbuddy," and "Watchover
9  Tyrant," and any other software product designed to exploit or enable the
10 exploitation of any game owned, published, or operated by Blizzard;

12     (d)   publishing or distributing in the United States any source code or
13 instructional material for the creation of any software whose use infringes any of
14 Blizzard's Intellectual Property, circumvents technological measures that control
15 access to Blizzard's games, or violates the EULA, including but not limited to the
16 software products known as "Honorbuddy," "Demonbuddy," "Stormbuddy,"
17 "Hearthbuddy," and "Watchover Tyrant," and any other software product designed
18 to exploit or enable the exploitation of any game owned, published, or operated by
19 Blizzard;

21     (e)   selling, transferring, or assigning to any person or entity the
22 intellectual property in any product (including the rights in any source code) whose
23 use infringes any of Blizzard's Intellectual Property, circumvents technological
24 measures that control access to Blizzard's games, or violates the EULA, including
25 but not limited to the software products known as "Honorbuddy," "Demonbuddy,"
26 "Stormbuddy," "Hearthbuddy," and "Watchover Tyrant," and any other software
27 product designed to exploit or enable the exploitation of any game owned,
28 published, or operated by Blizzard;

(f) operating, assisting or linking to any website located in the United States or directed at United States residents that is designed to provide information to assist others in accessing, developing or obtaining any software whose use infringes any of Blizzard's Intellectual Property, circumvents technological measures that control access to Blizzard's games, or violates the EULA, including but not limited to the software products known as "Honorbuddy," "Demonbuddy," "Stormbuddy," "Hearthbuddy," and "Watchover Tyrant," and any other software product designed to exploit or enable the exploitation of any game owned, published, or operated by Blizzard;

(g) investing or holding any financial interest in any enterprise which Bossland knows or has reason to know is now, or intends in the future to be, engaged in any activities in the United States that are prohibited by this Judgment and Permanent Injunction.

(h) reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization in the United States, any game owned, published, or operated by Blizzard or a Blizzard subsidiary or providing assistance to any person or entity engaged in such activities.

2. Judgment is entered for Blizzard on Bossland's infringing conduct within the United States, in the sum of **$8,740,235.41,** constituting:

(a) Statutory damages in the minimum allowable amount ($200 per violation) under § 1203(c)(3)(A) of the Digital Millennium Copyright Act ("DMCA"), for each of Bossland's 42,818 violations within the United States, totaling $8,563,600.00.  **This amount is not punitive in nature.**

1      (b)     Attorneys' fees totaling $174,872.00, and

2      (c)     Costs of suit totaling $1,763.41.

3      IT IS SO ORDERED

5  DATED: MARCH 31, 2017

    */s/ David O. Carter*
    Honorable David O. Carter
    United States District Court Judge